# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------X    Index No.:                /23
ARTHUR CHASE,                                                 Date Purchased: 7/21/23

                                 Plaintiff,    **SUMMONS**

    -against-

                                                                 Basis of venue is situs
DELTA AIR LINES, INC.                                         of the accident.

                                                                 Plaintiff resides at:
                                                                  175 Fulton Avenue
                                                 Defendant.    Jersey City, NJ 07305
---------------------------------------------------------X

To the above named Defendant:

      YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this supplemental summons, exclusive of the day of service (or within 30 days after the service is complete if this supplemental summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the amended complaint.

Dated: Queens, New York
        July 21, 2023

                                                                *KAZMIERCZUK & MCGRATH*

                                               By: _____
                                                           Joseph Kazmierczuk
                                                           Attorneys for Plaintiff
                                                           103-16 Metropolitan Avenue
                                                           Forest Hills, NY 11375
                                                           (718) 441-5460

Defendant's Address:

Delta Air Lines, Inc.
Bulova Corporate Center
75-20 Astoria Boulevard
Jackson Heights, NY 11370

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------X   Index No.:          /23
ARTHUR CHASE,

                                                           Plaintiff,                            **VERIFIED COMPLAINT**

        -against-

DELTA AIR LINES, INC.,

                                                       Defendant.
---------------------------------------------------X

      Plaintiff, by his attorneys, *KAZMIERCZUK & MCGRATH*, as and for his Verified Complaint against the defendant herein, respectfully sets forth and alleges the following, upon information and belief:

### AS AND FOR A FRIST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

      1.     That at all times hereinafter mentioned, the plaintiff was and is a resident of Jersey City in the State of New Jersey.

      2.     That at all times hereinafter mentioned defendant DELTA AIR LINES, INC. was and still is a domestic corporation duly organized, existing and doing business under and by virtue of the laws of the State of New York.

      3.     That at all times hereinafter mentioned defendant DELTA AIR LINES, INC. was a foreign corporation duly authorized to do business in the State of New York.

      4.     That at all times hereinafter mentioned defendant DELTA AIR LINES, INC. was authorized to do business in the State of New York.

5. That on June 18, 2021, LaGuardia Airport, the E connector structure, in the County of Queens, City and State of New York, was under construction.

6. That on June 18, 2021, the aforementioned structure was owned by defendant DELTA AIR LINES, INC.

7. That on or prior to June 18, 2021, defendant DELTA AIR LINES, INC. contracted for the performance of certain work, labor and services at the aforementioned location.

8. That on June 18, 2021, defendant DELTA AIR LINES, INC. was the general contractor for the construction work of the aforesaid location.

9. That on June 18, 2021, defendant DELTA AIR LINE, INC. was the construction manager for the construction work of the aforesaid location.

10. That on and prior to June 18, 2021, defendant DELTA AIR LINES, INC. was in charge of, supervised, managed, controlled, inspected and directed the work being performed at the aforementioned construction site and employed superintendents, officers, agents, servants, and/or employees and generally supervised and directed the construction work at the aforementioned location.

11. That on or prior to June 18, 2021, defendant DELTA AIR LINES, INC. entered into a contract with Stonebridge, Inc. to perform work, labor and services at the above location.

12. That on June 18, 2021, plaintiff Arthur Chase was lawfully upon the aforementioned construction site as an employee of Stonebridge, Inc.

13. That on June 18, 2021, while plaintiff Arthue Chase was lawfully working at the aforementioned construction site, a material cart fell and he sustained permanent injuries to his left foot, left leg and associated ligaments, tendons and tissures.

14. That the aforesaid occurrence and resultant injuries to plaintiff were caused wholly and soley, through and by rerason of the carelesness, recklessness and negligence of the defendant, its agents, contractors, servants and/or employees in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the aforesaid location and the work being done thereat in that it failed to provide the plaintiff with the necessary equipment to perform his job; in failing to provide plaintiff with a safe place to work as required by law; in failing to make proper and timely inspections of the work in progress and in failing to recognize the dangers existing thereat; in failing to properly and/or adequately supervise wokers at said work site to ascertain that said work could be done in safety; failed to protect from falling objects; failing to protect from gravity related accidents; failed to provide proper material carts; in failing to provide adequate working surfaces on a constuction site; in failing to give plaintiff an opportunity to avoid the occurrence; in failing to make certain that plaintiff had proper and adequate work space; in failing to use methods and customs commonly employed to prevent the happening of this accident; in violating certain sections of the Labor Law, the Rules of the Board of Standards and Appeal and the rules and regulations of OSHA; in allowing all of the foregoing to exist with notice and defendant was otherwise careless, reckless and negligent and failed to excercise reasonable care at the site all without any faut or lack of care on the part of the plaintiff contributing thereto.

15. That as a result of the aforesaid occurrence plaintiff Arthur Chase sustained injuries to his left foot, left ankle, consequential right foot and associated ligaments, tendons, tissues and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, all of these injuries are permanent; that he has been unable to pursue his

usual occupational and recreational activities; he has been confined to bed and home for some time; he has been compelled to submit medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries and he has been compelled to suffer physical pain, mental anguish, emotional distress and caused to suffer loss earnings.

16. That this action falls within one or more of the exceptions set forth in CPLR 1602.

17. That by reason of the foregoing, plaintiff Arthur Chase has been damaged in a sum of money which exceeds the jurisictional limits of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF**

18. Plaintiff repeats and reiterates each and every allegation contained in the First Cause of Action with the same force and effect as if the same were fully set forth herin.

19. That the defendant, its agents, contractors, servants and/or employees, failed to provide plaintiff with a safe place to work in violation of certain sections of the Labor Law, the Rules of the Board of Standards and Appeals, the rules and regulations of OSHA and they failed to provide plaintiff and others with a proper place to work as required by law; they failed to protect from gravity related events; failed to protect the plaintiff from falling; failed to protect the plaintiff from falling objects including but not limited to scale boxes; failed to protect from falling objects; failing to protect from gravity related accidents; failed to provide proper material carts; in failing to provide adequate working surfaces on a constuction site; in failing to give plaintiff an opportunity to avoid the occurrence; in failing to make proper and timely inspections of the work in progress and in failing to recognize the dangers existing thereat; in failing to properly and/or adequately supervise workers at said work site to ascertain that said work could

be done in safety; in failing to make certain the plaintiff had proper and adequate work space; in failing to provide plaintiff with a safe place to work as required by law; in failing to make proper and timely inspections of the work in progress and in failing to recognize the dangers existing thereat; in failing to provide plaintiff with safe and proper equipment; in failing to use the methods and customs employed to prevent the happening of this accident; in violating certain sections of the Labor Law, the Rules of the Board of Standards and Appeal and the rules and regulations of OSHA; in allowing all of the foregoing to exist with notice and they were otherwise careless, reckless and negligent and failed to exercise reasonable care at the site and all without any fault or lack of care on the part of the plaintiff contributing thereto.

20. That by reason of the negligence of the defendant, its contractors, agents, servants and/or employees they violated Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

21. That by reason of the foregoing, the paintiff has been damaged in a sum of money which exceeds the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demands judgement against the defendant in the First Cause of Action and in the Second Cause of Action together with the costs, interest and disbursements of this action.

Dated: Queens, New York
      July 21, 2023

By: *KAZMIERCZUK & MCGRATH*
                    Joseph Kazmierczuk
                    Attorneys for Plaintiff
                    103-16 Metropolitan Avenue
                    Forest Hills, NY 11375
                    (718) 441-5460

Defendant's Address:

Delta Air Lines, Inc.
Bulova Corporate Center
75-20 Astoria Boulevard
Jackson Heights, NY 11370

## ATTORNEY'S VERIFICATION

Joseph Kazmierczuk, an attorney admitted to practice in the Courts of the State of New York, states:

That I am a member of the law office of Kazmierczuk & McGrath, attorneys of record for the plaintiff, Arthur Chase.

That I have read the annexed Summons and Verified Complaint, and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason I make this affirmation instead of the plaintiff is that said plaintiff is not presently within the County wherein affirmant maintains his offices.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Queens, New York
       July 21, 2023

_____
Joseph Kazmierczuk

Index No.          /23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------------

ARTHUR CHASE,

                                     Plaintiff,

                -against-

DELTA AIR LINES, INC.,

                                     Defendant.

-------------------------------------------------------------------------------

SUMMONS AND VERIFIED COMPLAINT

-------------------------------------------------------------------------------

*KAZMIERCZUK & MCGRATH*
Attorneys for Plaintiff
103-16 Metropolitan Avenue
Forest Hills, NY 11375
(718) 441-5460

-------------------------------------------------------------------------------