# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X	Index No.: 714974/2023
ARTHUR CHASE,

                              **VERIFIED ANSWER**

                      Plaintiff,

    -against-

DELTA AIR LINES, INC.,

                    Defendant.
------------------------------------------------------------------------X

Defendant, DELTA AIR LINES, INC. ("Defendant"), by and through its attorneys, GERBER CIANO KELLY BRADY, LLP, as and for their Verified Answer to Plaintiff's Verified Complaint allege as follows:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

**FIRST:** Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "1", "5" and "12" of Plaintiff's Complaint.

**SECOND:** Defendant denies the allegations contained in Paragraphs "2", "8", "9", "11" and "13" of Plaintiff's Complaint.

**THIRD:** Defendant admits the allegation contained in Paragraph "3" of Plaintiff's Complaint.

**FOURTH:** Defendant denies the allegations contained in Paragraph "4" of Plaintiff's Complaint as written but admits that Delta Air Lines, Inc. does business in New York.

**FIFTH:** Defendant denies the allegations contained in Paragraph "6" of Plaintiff's Complaint as written but admits for the purposes of this litigation that Delta Air Lines, Inc. is an owner under the Labor Law and respectfully refers all questions of law to the Court.

**SIXTH:** Defendant denies the allegations contained in Paragraph "7" of Plaintiff's Complaint as written but admits that Delta Air Lines, Inc. entered into agreements for work to be performed at Delta's Terminal at LaGuardia Airport and respectfully refers all questions of law and contract to the Court.

**SEVENTH:** Defendant denies the allegations contained in Paragraphs "10", "14", "15", "16" and "17" of Plaintiff's Complaint and refers all questions of law to the Court.

AS AND FOR AN ANSWER TO THE
<u>SECOND CAUSE OF ACTION</u>

**EIGHTH:** In response to Paragraph "18" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges each of the responses set forth in Paragraphs "FIRST" through "SEVENTH" of this Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**NINTH:** Defendant denies the allegations contained in Paragraphs "19", "20" and "21" of Plaintiff's Complaint and refers all questions of law to the Court.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

The answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, alleges that if Plaintiff sustained damages as alleged in Plaintiff's Complaint, such damages were caused in whole or in part by the culpable conduct, contributory negligence, want of care and assumption of risk on the part of the Plaintiff, and without any culpable conduct, negligence, fault or want of care on the part of the answering Defendant. Defendant pleads said culpable conduct and negligence of Plaintiff, in diminution of any damages that may be found in this action in proportion to Plaintiff's culpable conduct.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant's liability, if any, to the Plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's economic losses, if any, as specified in CPLR 4545 were replaced and/or indemnified in whole or in part from collateral sources and the Defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The injuries and/or damages alleged by Plaintiff, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the Plaintiff were not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the injuries and damages alleged, if any, were caused by the culpable conduct of some other person, persons, or third-party entity over whom answering Defendant neither had nor exercised control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The intervening acts of some other person, persons, or third-party entity are the proximate cause of Plaintiff's alleged injuries, if any.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by the intervening acts of third parties unrelated to this answering Defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Although the answering Defendant specifically denies liability for the occurrence and damages complained of, if the Defendant is found liable for such occurrence and damages, Defendant's share of liability is fifty percent (50%) or less the total liability assigned to all persons or entities liable, pursuant to Section 1601 of the CPLR the liability of the answering Defendant to the claimant for non-economic loss shall not exceed the Defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That if at the time of trial any of the issues herein have been finally determined against the Plaintiff by a Tribunal, Forum or Court, all of competent jurisdiction, then, in that event, Plaintiff will be estopped from re-litigating said issues.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

That Plaintiff's Complaint fails to state a cause of action against this answering Defendant.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Responding Defendant lacked notice of the condition or conditions alleged.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That the Plaintiff was the sole proximate cause of the accident, injury and damages alleged.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

In the event that the Plaintiff is found to have been a general or special employee of this answering Defendant, then the within action is barred by the exclusive remedy provisions of Sections 11 and 29(6) of the Workers' Compensation Law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

In the event that the plaintiff is found to have been a general or special employee of the answering Defendant, then the complaint fails to state a cause of action as plaintiff did not sustain a "grave injury" as defined in Workers' Compensation Law, sec. 11.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Any judgment entered in favor of Plaintiff should be reduced pursuant to General Obligations Law section 15-108 by the stipulated amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to plaintiff for the damages alleged in the complaint; or in the amount of the released person's equitable share of the damages, whichever is the greatest.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to observe all the provisions of N.Y. Comp. Codes R. & Regs. Tit. 12 § 23 which directly concern or affect his conduct.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to use the safety devices provided for his personal protection.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with N.Y. Comp. Codes R. & Regs. Tit. 12 § 23-1.6.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other affirmative defenses as may be appropriate upon discovery and further investigation.

**WHEREFORE**, Defendant, DELTA AIR LINES, INC. demands judgment dismissing the Plaintiff's Complaint in whole or in part as to any verdict or judgment that may be rendered against them, together with the costs and disbursement of this action indemnification and attorney's fees and costs.

Dated: White Plains, New York
       August 3, 2023

**GERBER, CIANO, KELLY BRADY, LLP**

   /s/ *Laura A. Martin*
Laura A. Martin, Esq.
*Attorneys for Defendant*
DELTA AIR LINES, INC.
PO Box 1060
Buffalo, NY 14201
Tel/Fax. (914) 505-6283
lmartin@gerberciano.com
CKB File No.: 1015.0226

TO:    Joseph Kazmierczuk, Esq.
        KAZMIERCZUK & McGRATH
        *Attorneys for Plaintiff*
        103-16 Metropolitan Avenue
        Forest Hills, New York 11375
        (718) 441-5460

# **CERTIFICATION**

LAURA A. MARTIN, an attorney admitted to practice law in the Courts of the State of New York, affirms under the penalties of perjury, that the following statements are true:

That I am the attorney for Defendant, DELTA AIR LINES, INC. by and through its attorneys GERBER CIANO KELLY BRADY, LLP.

That I certify to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that presentation of Defendant's Verified Answer to Complaint and the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1-a, et seq.

Dated: White Plains, New York
August 3, 2023

GERBER CIANO KELLY BRADY, LLP


By: */s/ Laura A. Martin*
LAURA A. MARTIN, ESQ.

## ATTORNEY'S VERIFICATION

The undersigned, LAURA A. MARTIN, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for, the defendant, DELTA AIR LINES, INC. in the within action; I have read the foregoing **ANSWER TO COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: White Plains, New York
August 3, 2023

                                                              */s/ Laura A. Martin*
                                                          LAURA A. MARTIN, ESQ.